**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| WILLIAM SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 12-CV-07683 |
| | ) | |
| VICTOR CALLOWAY, | ) | Judge John J. Tharp, Jr. |
| | ) | |
| Respondent. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Respondent Victor Calloway's motion to dismiss Petitioner William Smith's amended petition for a writ of habeas corpus per 22 U.S.C. § 2254. The petitioner filed his petition to challenge his Cook County convictions of first-degree murder and aggravated discharge of a firearm. For the reasons detailed below, the motion to dismiss is granted.

## BACKGROUND

Since the petitioner filed his first petition for a writ of habeas corpus on September 25, 2012, the case has progressed slowly in a series of fits and starts. ECF No. 1. The petitioner filed an amended petition shortly after filing his original petition, on October 15, 2012. ECF No. 5. The Court stayed the habeas proceedings on October 22, 2012, pending resolution of the petitioner's underlying state court post-conviction proceedings. ECF No. 6. On December 11, 2012, the Court granted the petitioner's motion to lift stay following the Illinois Supreme Court's denial of his petition for leave to appeal in the post-conviction proceedings. ECF No. 11. Upon the plaintiff's decision to file a state court petition for relief from judgment, the Court once again granted the petitioner's motion to stay the case on January 9, 2013. ECF No. 17. The petitioner, per the Court's direction, then proceeded to file four status reports keeping the Court apprised of the state court petition. ECF Nos. 19-22. The petitioner next successfully moved to lift the stay on December 22,

2014, following the conclusion of his state court hearings. Upon learning that a successive petition was still pending in the state courts, the Court then re-imposed the stay a final time on March 6, 2015. In staying the case, the Court specified in part: "To proceed with this case, the petitioner must file a motion to lift the stay within 60 days after his appeal has been resolved. Once notified that the appeal has been resolved, the Court will lift the stay and set a schedule for the [respondent's] submission of its response." ECF No. 33. The docket entry also reflected that notice of the order had been mailed to the petitioner.

More than 18 months later, on November 17, 2016, the Court, having received no updates from either party, requested a status update from the respondent. ECF No. 34. The status report indicated that the underlying state court proceedings had concluded in May 2015. ECF No. 35. Accordingly, the Court dismissed the petition on November 29, 2016, due to the petitioner's failure to file a status report for more than 18 months and his failure to file a motion to lift the stay within 60 days of the resolution of his appeal. ECF No. 36. Nearly two years later, on August 10, 2018, the petitioner filed a motion to lift stay and a motion for leave to amend his petition for a second time, both of which the Court granted. ECF Nos. 39-40; 43. The respondent then filed a motion to dismiss the second amended petition as successive, based on the conclusion that the previous dismissal had operated as a dismissal with prejudice. ECF No. 44. The Court denied that motion, reasoning that because the dismissal was not on the merits, it did not render the second amended petition successive. ECF No. 47. The respondent then filed a second motion to dismiss contending in part that the amended petition is time-barred.[1]

---

[1] The motion also argues, on different grounds than those put forth in the first motion to dismiss, that the petition should be dismissed as successive. Because the petition is time-barred, the Court need not reach a determination on that issue.

**DISCUSSION**

Unsurprisingly, given the stop-and-go progression of this case, the analysis of whether the petition is time-barred requires some arithmetic. As relevant here, the statute of limitations term for habeas corpus petitions filed under § 2254 is defined by 28 U.S.C. § 2244(d)(1)(A) to be one year from the conclusion of direct review. In the present case, the Illinois Supreme Court denied the petitioner's petition for leave to appeal on March 24, 2004. Mot. to Dismiss Am. Habeas Corpus Pet. ("MTD") Ex. A, ECF No. 49; *People v. Smith*, 809 N.E.2d 1291 (Ill. 2004) (Table). Per Supreme Court Rule 13, the petitioner then had 90 days to file for a writ of certiorari. When he did not, the statute of limitations began running on June 22, 2004. *See Gonzalez v. Thaler,* 565 U.S. 134, 150 (2012) (holding that for habeas corpus petitioners held in state custody, "judgment becomes final at the expiration of the time for seeking [direct] review—when the time for pursuing direct review in this Court, or in state court, expires") (internal quotation marks omitted).

The petitioner then filed a petition for post-conviction relief in state court on September 10, 2004. MTD Ex. B. That petition tolled the statute of limitations period per 28 U.S.C. § 2244(d)(2), which specifies that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." The statute of limitations period had, to that point, run for 79 days between June 22, 2004 and September 10, 2004.

After the trial court denied his petition for post-conviction relief and the state appellate court affirmed, the Illinois Supreme Court denied the petitioner's petition for leave to appeal on September 26, 2012. MTD Ex. C. At that point, the statute of limitations period began to run once again. One hundred and eighteen days later, on January 23, 2013, the petitioner filed a petition for relief from judgment pursuant to Section 2-1401 of the Illinois Code of Civil Procedure. 735 ILCS

5/2-1401. Tolling of the statute of limitations period once again resumed, with the additional 118

days accrued bringing the total accrual to 197 days. The trial court dismissed the petitioner's 1401

petition and the state appellate court affirmed the dismissal on April 10, 2014.[2] MTD Ex. F; *People*

*v. Smith*, 2014 IL App (1st) 131181-U. The statute of limitations period once again began to run

on this date until it expired 168 days later, on September 25, 2014.[3] As described above, the Court

dismissed the first amended petition on November 29, 2016, almost two years after the expiration

of the statute of limitations period.[4] The petitioner did not file second amended petition until

August 10, 2018, almost two years after the previous dismissal and nearly four years after the

expiration of the statute of limitations period. The second amended petition is therefore time-

barred.

     In his response to the motion, the petitioner argues that his second amended petition is not

successive and therefore should not be dismissed. Pet'r's Resp. to the Resp't's Mot. to Dismiss,

---

[2] The petitioner also filed two motions for leave to file successive post-conviction petitions in March 2011 and September 2013, both of which were denied and affirmed on appeal. MTD Ex. B at 18-19; Ex. D.; Ex. E. Because neither of these motions were successful, neither of them tolls the statute of limitations period. *See Martinez v. Jones*, 556 F.3d 637, 639 (7th Cir. 2009) (reasoning that a successive petition for postconviction relief "tolls the limitations period only if the state court grants permission to file it."). Similarly, the petitioner also filed a second 1401 petition in November 2015. The petitioner has put forth no evidence to suggest that the second 1401 petition was rightfully filed; he does not even reference the petition in his response brief. Even if the second 1401 petition tolled the statute of limitations period, however, it was denied on February 9, 2016, and thus the second amended petition for writ of habeas corpus is still time-barred. MTD Ex. B at 22.

[3] The respondent argues that the petitioner's 1401 petition did not toll the statute of limitations period because it was not timely filed. Although the respondent may be correct, the state appellate court explicitly affirmed the dismissal on the inadequacy of the petition's legal theory, rather than on statute of limitations grounds. Regardless, as evidenced below, the current amended petition is time-barred whether or not the 1401 petition tolled the statute of limitations period.

[4] The filing of the original habeas petition itself also did not toll the statute of limitations period. *See Duncan v. Walker*, 533 U.S. 167, 181 (2001) (concluding that "§ 2244(d)(2) does not toll the limitation period during the pendency of a federal habeas petition").

ECF No. 53. As explained *supra* in n.1, because the petition is time-barred, the Court need not determine whether the petition is successive. The petitioner does not rebut the respondent's statute of limitations argument in any way, but he does claim that he did not receive notice of the dismissal of his first amended petition. The petitioner does not explain how this lack of notice would excuse dismissal under the statute of limitations. Nonetheless, even if the Court were to infer an equitable tolling argument, the petitioner presents no evidence to support his claim that he did not receive notice of the dismissal. To the contrary, he regularly received and responded to a variety of notices both before and after the dismissal order, and the docket entry in question reflects the fact that the Court mailed notice of the order to the petitioner. He also does not claim that he did not receive the Court's order instructing him that he was required to file a motion to lift stay within 60 days of the termination of the state court proceedings. The petitioner, consequently, uncontrovertibly had notice that his case would be dismissed if he did not file a timely motion to lift stay, and yet he still waited over three years from the conclusion of his state court proceedings to file a motion to lift stay.

\*       \*       \*

For the reasons stated above, the respondent's motion to dismiss the petitioner's second amended petition for a writ of habeas corpus, ECF No. 44 is granted with prejudice. Because this is a final decision ending all proceedings before this Court, the petitioner is only entitled to an appeal if he obtains a certificate of appealability by showing denial of a constitutional right. 28 U.S.C. § 2253(c)(1). The Supreme Court has explained that that standard is governed by whether a petitioner can demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336

(2003) (internal citations omitted). Due to the fact that the petitioner has made no such demonstration here, the Court declines to issue a certificate of appealability.

Date: August 3, 2020

John J. Tharp, Jr.
United States District Judge